Eastern District of Kentucky
FILED
JAN 31 2007
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-172-GWU

VERLIN MILLS,            PLAINTIFF,

VS:        MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,      DEFENDANT,

## INTRODUCTION

Verlin Mills brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

     1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

     2.      Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

     3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

     4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

     5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Mills, a 38 year-old former carpenter and pizza deliverer with a high school education, suffered from impairments related to chronic neck and shoulder pain, chronic low back pain, and dysthymia. (Tr. 12, 14). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 18). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 19). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert James Roberson included and an exertional limitation to medium level work along with

5

such non-exertional restrictions as (1) an inability to more than occasionally reach and climb ladders, ropes or scaffolds; (2) an inability to handle more than simple instructions; (3) an inability to handle more than infrequent and gradual work-place changes; (4) an inability to perform production rate work; (5) an inability to engage in more than infrequent contact with co-workers and the public; and (6) a limitation to non-confrontational supervision. (Tr. 366-367). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 367-368). Therefore, assuming that the vocational factors considered by Roberson fairly characterized Mills' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Mills was found capable of performing a restricted range of medium level work in an administrative decision which became final on December 18, 2003.[1] (Tr. 32-42). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." The ALJ's findings of a restricted range of medium level work is in accord with these directives.

"New and material" evidence does not reveal a deterioration in Mills'

---

[1] This action was appealed to federal district court and the undersigned affirmed it on April 20, 2005. Mills v. Barnhart, London Civ. A. No. 04-258-GWU.

6

condition since the December 18, 2003 denial decision. More severe physical restrictions than those found by the ALJ were not identified by such treating and examining sources as the staff at the Flat Lick Medical Clinic (Tr. 156-187), the staff at Knox County General Hospital (Tr. 188-218), the staff at Knox County Medicine (Tr. 219-220), the staff at Diagnostic Radiology of London (Tr. 228), Dr. William Lester (Tr. 229-236), and the staff at the Pineville Community Hospital (Tr. 237-286). These reports provide substantial evidence to support the administrative decision.

Dr. Calixto Hernandez, a non-examining medical reviewer, did opine that Mills would be restricted to light level work with a need to avoid concentrated exposure to hazards and vibration. (Tr. 310-318). The plaintiff did not argue that this opinion supports a finding that deterioration had occurred in his physical condition requiring a lower exertional level be utilized than in the prior denial decision. The vocational expert at least did identify a number of light and sedentary level jobs that could be performed. (Tr. 367-368). The limitation regarding "concentrated" exposure hazards and vibration would appear mild and Social Security Ruling 85-15 suggests that these problems would not necessarily have a significant effect on one's ability to work. The Dictionary of Occupational Titles Section 379.376-010 regarding the job of surveillance system monitor and Section 279.357-062 regarding the job of retail counter clerk, indicate that exposure to vibration was a requirement of the positions.[2] The plaintiff has not argued that these restrictions would preclude all employment. Therefore, under these circumstances, the Court concludes that Dr. Hernandez's findings were not binding.

---

[2] Surveillance system monitor and retail counter clerk were among the light and sedentary level jobs identified by the vocational expert. (Tr. 367-368).

7

The ALJ also dealt properly with Mills' mental condition. The hypothetical question was consistent with the mental limitations found by the previous ALJ. (Tr. 41).

In the processing of the current claim, Mills was examined by Psychologist Kenneth Starkey. Starkey diagnosed a pain disorder, alcohol dependence in partial remission, and cannabis dependence in partial remission. (Tr. 225). The claimant's Global Assessment of Functioning (GAF) was rated at 65. (Tr. 226). Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u>, (4th Ed.-Revised, 1994). Starkey indicated that the combination of his impairments would cause only "mild" social and occupational impairment. (Tr. 226). The examiner specifically stated that "currently, Mr. Mills is able to understand and remember simple, one/two step instructions without difficulty." (Tr. 226). Social interactions were said to be "limited but meaningful." (Tr. 226). These limitations do not suggest deterioration since the prior denial decision and are consistent with those findings.

The Court notes that Starkey also indicated that Mills would require three to six months of weekly psychotherapy before he would be amenable to vocational placement or training. (Tr. 226). This statement appears extremely contradictory to the other findings in the report. In view of his overall report, this limitation does not appear well-supported. Furthermore, these problems would relate at least in part to drug and alcohol abuse. Public Law 14-121 precludes a finding of disabled status when drug or alcohol abuse is a material contributing factor. Therefore, Starkey's opinion cannot help the plaintiff's claim.

Finally, the Court notes that Psychologists Ann Demaree (Tr. 295) and Edward Ross (Tr. 319) reviewed the record and opined that Mills did not suffer

8

from a "severe" mental impairment. The ALJ's findings are compatible with these opinions.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 31 day of January, 2007.

G. WIX UNTHANK
SENIOR JUDGE